In the Matter of Uniform Rules
For Circuit and Chancery Courts

December 13, 1976

PER CURIAM

The following is adopted as Rule 17 of the Uniform Rules for Circuit and Chancery Courts:

Sec. 1. Whenever possible the necessity for election of special judges should be avoided by utilizing exchanges of circuits pursuant to Art. 7, § 22 of the Constitution of Arkansas and Ark. Stat. Ann. § 22-340 (Repl. 1962) or by assignment of a judge by the Chief of the Judicial Department pursuant to Ark. Stat. Ann. § 22-142 (Supp. 1975). The procedures set out in the succeeding sections of this rule shall be utilized only where no exchange of circuits and no assignment of a judge has been made.

Sec. 2. If it becomes necessary to elect a special judge of any circuit or chancery court in any county, notice shall be given to the practicing attorneys in that county by the clerk of the court in the most practical manner under the circumstances. Notice may be given by posting notice in a public place in the courthouse where the court is held or by telephone. The clerk may use both methods of giving notice to assure that as many attorneys as possible receive notice of the election. Personal notice must be given to all attorneys who have indicated to the clerk, in writing, that they desire personal notice when an election is to be held.

Sec. 3. Whenever the judge of a circuit court shall fail to attend on the first day of a term of court, or the office is vacant on that day, the attorneys shall meet at 10:00 a.m. on the second day of the term in the courtroom where the court is held, to elect a special judge. Whenever a judge of a chancery court shall fail to attend on any day scheduled for the holding of that court according to the annual court calender prescribed by Ark. Stat. Ann. § 22-406.2 (Supp. 1976), and whenever the judge of a circuit court shall fail to attend on any day scheduled for the holding of that court after the first day of the term, the attorneys shall meet at 10:00 a.m. in the courtroom where said court is held to elect a special judge. The attorneys present in the courtroom shall elect one of their number as special judge. The election shall be conducted by the clerk of the court, who will accept nominations from the attorneys present. The election shall be by secret ballot. The attorney receiving a majority of the votes cast shall be declared elected as special judge of the court. He shall immediately be sworn in by the clerk and shall immediately thereafter enter upon the duties of the office.

Sec. 4. No attorney shall be elected special judge who is

not an attorney regularly engaged in the practice of law in the State of Arkansas and duly licensed in this state to do so, and who is not a resident possessed of the qualifications required of an elector of this state, whether registered to vote or not. An attorney not qualified to serve as special judge shall not be permitted to vote in any election held under this rule.

Sec. 5. The authority of a special circuit judge elected after the commencement of a term shall extend only to those cases which, at the time of his election, are pending in the court over which he is to preside.

Sec. 6. In a circuit court, a special judge shall serve until the end of the term during which he was elected or until the regular judge appears. If the regular judge does not appear prior to or at the beginning of a new term of the court, and there has not been an exchange of circuits or assignment of another judge by the Chief of the Judicial Department, another special judge shall be elected pursuant to this rule. In a chancery court, the special judge elected shall serve until the regular judge appears or until the Governor appoints a judge pursuant to Ark. Stat. Ann. §§ 22-437 and 22-438 (Repl. 1962) and the appointee has taken office.

Sec. 7. Where there is a vacancy in the office of circuit or chancery judge by reason of death of the judge, either at the time of the election of the special judge, or during the time the special judge would otherwise serve, the special judge elected under this rule or the judge assigned by the Chief Justice shall continue to serve as such until the Governor makes an appointment to fill the vacancy and the appointee has taken office.

Sec. 8. For purposes of this rule, each division of a court in a county shall be considered to be a separate court.

BYRD, J., dissents because he challenges the court's authority to promulgate the rule.